# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2769-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DENNIS ALSTON,

    Defendant-Appellant.

_____

Submitted November 1, 2021 – Decided December 10, 2021

Before Judges Sabatino and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-07-0910.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the December 5, 2019 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2016, defendant pled guilty to two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and one count of second-degree endangering the welfare of a minor, N.J.S.A. 2C:24-4(a). Defendant was sentenced in accordance with his plea agreement to an aggregate term of twenty years, subject to a period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. Thereafter, defendant appealed, and an excessive sentencing panel of our court affirmed. State v. Alston, No. A-2675-16 (App. Div. Dec. 5, 2017). Defendant did not file a petition for certification.

For our purposes, we need not set forth the facts leading to defendant's conviction. Instead, we turn to defendant's petition for PCR.

In 2018, defendant filed his first PCR petition. In his pro se submission, defendant asserted that his guilty plea was "secured in violation of his State and Federal constitutional right to the effective assistance of trial counsel," and that "the cumulative errors in this case mandate reversal." In an addendum attached to his petition, defendant asserted that his trial counsel did not meet with him in jail or prepare him for court appearances, advised him to accept the plea offer

"because he didn't think the case was defendable," and had defendant sign his plea agreement without ever meeting with him to explain what it entailed.

In a supplemental submission filed by counsel on his behalf, defendant argued that his petition should be granted because he established that he received the ineffective assistance of counsel, or at a minimum, he should receive an evidentiary hearing, having established a prima facie claim. In support, he cited to counsel's failure to provide him with "full discovery and conduct pretrial investigation," which made it "impossible" for defendant to reach an "informed decision" about pleading guilty. Defendant also asserted that counsel failed to file pretrial motions, or "to argue all appropriate mitigating factors and Yarbough[1] factors at sentencing thus, [his] sentence [was] excessive." Defendant specifically asserted that his sentences should not have been consecutive.

On November 7, 2019, the PCR court considered the parties' oral arguments, and on December 11, 2019, issued an order denying defendant's petition, as well as a comprehensive fourteen-page written decision setting forth the court's reasons.

---

[1] State v. Yarbough, 100 N.J. 627 (1985).

In its written decision, the PCR court detailed the procedural history and facts leading to defendant's guilty plea.[2] Addressing defendant's contention about trial counsel's failure to provide him with discovery, the PCR court noted defendant provided "no evidence to substantiate this claim, including in his own certification." Moreover, the court found that his contention in this regard was belied by the record of his "plea colloquy" where the defendant confirmed he received and reviewed all discovery with his attorney.

Turning to defendant's claims about trial counsel's failure to conduct pretrial investigation, the PCR court observed defendant failed to provide any explanation as to what trial counsel "failed to investigate, or how it would have impacted the defendant's case." Here too, the court noted "defendant indicated on the record [at his plea hearing] that he was satisfied with his attorney's services." The court reached a similar conclusion as to defendant's contentions about trial counsel's failure to file pretrial motions, noting defendant did not provide any indication as to "why those motions were meritorious, or what effect the failure to file those motions had on his case." It relied on this same reason

---

[2] The PCR court was presided over by the same judge who accepted defendant's guilty plea and sentenced him.

A-2769-19

for rejecting defendant's claim that trial counsel failed to file "a competency motion."

Addressing defendant's sentence, the PCR court concluded that defendant's challenge was procedurally barred under Rule 3:22-4. According to the PCR court, not only did defendant fail to provide "any evidence that his constitutional rights were violated, or that the process of his sentencing resulted in a fundamental injustice," but also because we considered his excessive sentence claim, his petition for PCR was procedurally barred. Specifically, the court noted defendant's present contentions about the misapplication of the Yarbough factors "was examined and resolved by the Appellate Division on December 5, 2017."

Turning to the second prong of the Strickland/Fritz test,[3] the PCR court concluded defendant failed to establish a prima facie showing of ineffective assistance of counsel because he "[did] not allege any specific facts that show how he was prejudiced by his counsel's performance." The court noted defendant received "a favorable plea based on the charges he faced, on the day of trial," and he could not demonstrate "but for his counsel's alleged errors, the

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

A-2769-19

result of his case would have been more favorable to him." Because defendant could not establish a prima facie claim of ineffective assistance of counsel, citing to State v. Preciose, 129 N.J. 451 (1992), the court concluded defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant asserts the following argument:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING OR A MERITS REVIEW OF HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE AT SENTENCING; HE IS ALSO ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE, PROVIDE DISCOVERY, DISCUSS HIS CASE OR FILE PRETRIAL MOTIONS, THEREBY FORCING HIM INTO A GUILTY PLEA.

We have considered defendant's contention in light of the record and the applicable principles of law. We affirm substantially for the reasons stated by the PCR court in its thorough written decision. We add only the following comment.

The PCR court noted defendant's contention about ineffective assistance of counsel was procedurally barred by Rule 3:22-4, primarily based upon our earlier determination that defendant's sentence was not excessive and was

6

consistent with Yarbough. However, as defendant asserts on appeal, his claims of ineffective assistance of counsel were directed at different subject matters than he claimed on appeal.

In his petition, defendant argued trial counsel failed "to argue to the court all appropriate mitigating factors." Specifically, he argued counsel could have argued at sentencing that defendant was entitled to a lesser punishment than recommended in his plea agreement, and that mitigating factor four, N.J.S.A. 2C:44-1(b)(4), was applicable because defendant's intoxication provided "grounds tending to excuse [defendant's] conduct, though they failed to establish a defense." In addition, he asserted counsel failed to argue for mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) ("the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense"), in light of the fact that defendant had no prior record, and for mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) ("the character and attitude of the defendant indicate that the defendant is unlikely to commit another offense"). These contentions were not previously addressed and could not have been until defendant exhausted his appellate rights on direct appeal of his sentence.

Having said that, we reiterate that we otherwise agree with the PCR court's overall determination that defendant's contentions on PCR failed to meet the requirements under Strickland/Fritz, as they were unsupported by specific factual contentions setting forth the specific failures made by trial counsel and how, but for those failures, defendant would not have accepted the plea agreement. See State v. Aburoumi, 464 N.J. Super. 326, 342 (App. Div. 2020) (stating a prima facie showing of ineffective assistance is established where "the advice given by . . . plea counsel fell below professional norms," and "defendant 'demonstrate[d] that he would not have pled guilty if he had been provided with accurate information' from his plea counsel") (alteration in original) (quoting State v. Gaitan, 209 N.J. 339, 351 (2012)). Here, defendant failed to provide the necessary details and relied on only "bald assertions" that were insufficient to support his petition. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION